Argued and submitted July 28, sentences vacated; remanded for resentencing; otherwise affirmed August 31, 2005

STATE OF OREGON,
*Respondent,*

*v.*

SHERRY DEE ANDERSON,
*Appellant.*

034012; A124282

118 P3d 855

Monica L. Finch. Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Erika L. Hadlock, Assistant Solicitor General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

* Schuman, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Defendant pleaded guilty to four counts of aggravated theft in the first degree, ORS 164.057, two counts of forgery in the first degree, ORS 165.013, and three counts of falsifying business records, ORS 165.080. The trial court imposed dispositional departure sentences on three of the four counts of aggravated theft and one of the counts of forgery, based on findings of persistent involvement, harm or loss greater than typical, lack of remorse and empathy, and a violation of public trust. The court also imposed a durational departure sentence on one of the aggravated theft counts, based on the same findings. The court further ordered that all of these sentences run consecutively to each other.

On appeal, defendant challenges only the sentences imposed on the aggravated theft and forgery counts. She first argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that the court did not submit to a jury. The state argues that defendant failed to preserve that contention. Nevertheless, it acknowledges that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentences are plainly erroneous. Defendant replies, however, that she did in fact preserve her objections. She insists that whether she preserved the objection is not an academic matter, for the Supreme Court could determine that we were incorrect in holding in *Gornick* and *Perez* that the objection may be reviewed as plain error. We agree with defendant that it is important in this case to determine whether she preserved her objection to the sentences on *Apprendi* grounds, and so we turn our attention to the record.

At sentencing, the trial court announced from the bench its intention to impose the aforementioned departure sentences and the findings that the court considered adequate to support those sentences. At one point during the court's remarks, the state interrupted to discuss one of those findings. The court paused, discussed the matter with the

parties, and then continued. At the conclusion of the court's remarks, the court entertained objections. Defendant asked that objections that already had been submitted in a memorandum be incorporated into the record. Defendant then suggested that some of the counts should have merged. The trial court responded that it simply disagreed and then explained in some detail its reasoning. Defendant next objected that the court erred in imposing consecutive sentences, and, again, the court responded with an explanation for its decision. Finally, defendant stated:

> "I also want to point out to the court that there's two cases that I would like to give the Court. One is: *Apprendi*, that's *Apprendi vs. New Jersey* 530 US 466, a 2000 case. And also *State vs. Wedge* 293 Oregon 598. What those cases basically—if you're going to increase the penalty, they must be plead[ed]—the factors must be plead[ed] and specifically found by the trier of fact beyond a reasonable doubt. For the Court to accept, again, all of the data that was submitted [in the presentence investigation] seems to violate both *Wedge* and *Apprendi*, and for those reasons I would except to the Court's sentence in this case and appreciate your time in allowing me to make the record."

It seems clear that defendant raised the issue that she now advances on appeal. The state insists that the objection was untimely, because the trial court had already "imposed sentence." However, it also seems clear from the record that the trial court entertained objections from both the state and defendant both during and after its pronouncement from the bench. The court was fairly apprised of defendant's position and had an opportunity to respond to it. That is all the law requires. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

Defendant also objects to the imposition of consecutive sentences on *Apprendi* grounds. She concedes that she did not raise that issue to the trial court and asks that it be reviewed as plain error. Our decision in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), in which we rejected the same argument, is controlling.

Sentences vacated; remanded for resentencing; otherwise affirmed.