Argued and submitted March 24, affirmed November 15, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# STEFAN LIVIU,
*Appellant.*

## C023240CR; A123066

147 P3d 371

David Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

Following a bench trial, defendant was convicted of four counts of second-degree sexual abuse, ORS 163.425. The court then sentenced defendant to 100 months' imprisonment and 36 months' post-prison supervision. On appeal, he challenges his convictions and sentences. We conclude that none of the arguments that defendant raises on appeal was preserved or is properly reviewable on appeal, and we therefore affirm. We write only to address the issue of preservation with respect to his first, third, and fourth assignments of error and reject the others without discussion.

Defendant was charged with two counts of second-degree sexual abuse for touching the victim's vagina on two separate occasions; he was also charged with two counts of second-degree sexual abuse for penetrating the victim's anus with his fingers on two other occasions. During his trial to the court, defendant moved for a judgment of acquittal on all counts on the ground that no rational trier of fact could find the victim's testimony credible due to inconsistencies in the testimony of the victim and other witnesses. The trial court denied the motion for a judgment of acquittal.

■      Defendant's first and third assignments of error pertain to the trial court's denial of his motion for a judgment of acquittal on the two counts of second-degree sexual abuse through anal penetration. In his first assignment of error, he argues that the state failed to present sufficient evidence of lack of consent. In his third assignment, he argues that the state failed to present sufficient evidence of two separate incidents of touching. He contends that his motion for a judgment of acquittal, which focused on inconsistencies between and omissions in the testimony of the witnesses and victim regarding the charged misconduct," provided the trial court "with an opportunity to determine whether * * * the two counts alleging anal contact had been the subject of sufficient evidence to support conviction." The state, in turn, responds that defendant never put the trial court on notice of the defects that he now claims on appeal. We agree with the state.

■ To preserve an issue for appellate review, a defendant must provide an explanation of his or her position to the trial court that is specific enough to permit the trial court to address and correct the error. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In this case, defendant's motion for a judgment of acquittal alerted the trial court only to defendant's concerns regarding inconsistencies in the testimony. He did not argue, as he now does on appeal, that the state had failed to meet its burden of proof on two of the elements of the charged offenses. Thus, we conclude that defendant failed to adequately preserve the issues raised by his first and third assignments of error.

■ In his fourth assignment of error, defendant argues that the trial court erred in imposing an upward departure sentence based on facts that were not found by a jury or admitted by him as required under the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Defendant contends that he preserved that claim of error in the trial court, and the state concedes that "[d]efendant raised the issue of the necessity for jury findings for a departure sentence, citing *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000)." After reviewing the record, we do not accept the state's concession.

Defendant relies on the following argument before the trial court in support of the proposition that he preserved his *Blakely* argument:

> "Addressing the departure sentence, the defendant—we see that the District Attorney is asking for [a] departure sentence on the ground the victim was particularly vulnerable. OAR 213-008-0002(1)(b)(B) or on the basis of some other aggravating factor. The Indictment did not allege that the victim was particularly vulnerable. Any fact other than the offender's criminal history [that] increases the quantum of punishment to which the offender's exposed must be pled in the Indictment and proven to the fact finder beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 US 466; [*see*] *also Ring v. Arizona*, 536 US 584. Because the State did not plead any departure factors in the Indictment, the Court lacks jurisdiction to impose any sentence other than the presumptive sentence for any of the defendant's felony convictions. [*See*] *also State v. Wedge*, 293 Or 598."

To be sure, defendant cited *Apprendi* and argued that aggravating factors must be "proven to the fact finder beyond a reasonable doubt." However, when viewed in context, it is clear that defendant's argument regarding *Apprendi* was directed solely at the fact that the aggravating factors had not been *pleaded in the indictment*—a different issue from the entitlement to a jury determination on those factors. Defendant initially stated that "[t]he Indictment did not allege that the victim was particularly vulnerable." Then, after citing *Apprendi*, defendant stated that, "[b]*ecause the State did not plead any departure factors in the Indictment*, the Court lacks jurisdiction to impose any sentence other than the presumptive sentence for any of the defendant's felony convictions." (Emphasis added.)

Once again, to preserve an issue for appeal, a defendant must provide an explanation of his or her position to the trial court that is specific enough to permit the trial court to address and correct the claimed error. *Wyatt*, 331 Or at 343. Defendant's *Apprendi* arguments presented the trial court with the issue whether, under the Sixth Amendment, aggravating factors need to be alleged in the indictment—an issue that our Supreme Court subsequently resolved adversely to defendant. *State v. Sawatzky*, 339 Or 689, 698, 125 P3d 722 (2005). His argument did not alert the trial court that a *jury*—as opposed to the court—needed to find the aggravating factors. *See State v. Heilman*, 339 Or 661, 669-70, 125 P3d 728 (2005) (passing reference to *Apprendi*, when read in context, was not "an objection or assertion that the trial court was required to empanel a jury to find the requisite facts before sentencing defendant"). The closest defendant came to the argument he now makes on appeal was his reference to a "fact finder." Defendant, however, had waived his right to a jury and had proceeded with a bench trial; the factfinder in his case was the trial court. In that context, defendant's reference to aggravating factors being proved to a "fact finder" would not have reasonably alerted the trial court to the issue he now raises on appeal.[1] Thus, we conclude that defendant's

---

[1] In *State v. Anderson*, 201 Or App 340, 343, 118 P3d 855 (2005), we concluded that the defendant had preserved her *Blakely* argument through a somewhat similar statement that the aggravating factors must be pleaded and "specifically found by the trier of fact beyond a reasonable doubt," even though she, like defendant, did

*Blakely* argument was not preserved below. And, for the reasons stated in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), and *State v. Perez*, 340 Or 310, 131 P3d 168 (2006), the trial court's imposition of departure sentences does not constitute plain error.

Affirmed.

not specifically reference the jury trial right. This case presents a different situation because, given defendant's focus on the indictment, the trial court would not have been fairly apprised of defendant's position regarding the right to a jury trial.