Submitted January 17, reversed August 15, 2012

Cynthia Jean POULALION,
*Petitioner-Respondent,*

*v.*

Michael Todd LEMPEA,
*Respondent-Appellant.*

Clatsop County Circuit Court
115014; A147965

284 P3d 1212

Marshall Dunst filed the brief for appellant.

No appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Respondent appeals an order continuing a restraining order that petitioner obtained against him under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Respondent contends that petitioner failed to present sufficient evidence to support continuation of the order. Petitioner did not file a brief or appear on appeal. We agree with respondent and therefore reverse.

The notice of appeal in this matter was filed after June 4, 2009; consequently, and in the absence of any request pursuant to ORAP 5.40(8)(a) that we exercise our discretion to review this matter *de novo*, we decline to exercise our discretion to engage in *de novo* review. *Holbert and Noon*, 245 Or App 328, 330, 260 P3d 836 (2011). We review to determine whether "any evidence" establishes the requisites for the court's issuance of the FAPA restraining order. *Id.*

Consistent with that standard of review, the relevant facts are as follows. Respondent and petitioner lived together from March 2009 to December 2010. A restraining order of January 4, 2011, prevented respondent from entering petitioner's property, but allowed a third party to pick up respondent's property. The January 4 restraining order was dismissed on January 13, 2011. On the morning of Sunday, January 23, petitioner looked out her window and saw a man in her backyard. She was scared, but when she looked closer, she recognized the man as respondent's son. Petitioner went outside and noticed that respondent was with his son, on her property. Petitioner asked respondent what he was doing on her property, and he said, "I'm getting my things." Petitioner went immediately in the house, locked the door, and called 9-1-1. Respondent and his son left.

On January 25, petitioner sought an *ex parte* FAPA restraining order against respondent. The court held a hearing that day. At the hearing, the court asked petitioner what respondent had said or done that made her feel threatened. Petitioner responded that "he squished me in a doorway." The court stated that the previous judge had made specific findings about that incident, reminding petitioner that the January 4 restraining order had been dismissed, and asked if there was anything else. Petitioner said that

respondent "has told [a mutual friend] many a threat about how he's going to get me," but that the friend would not disclose the threats to her.

Petitioner told the court that respondent had three weapons. The court asked petitioner if respondent had ever threatened her with weapons and she said, "Never." The court entered the restraining order and stated, "Really, the only thing that has swayed me is that when you began talking about your own mental state and physical state, how this behavior is having a very negative [effect on] you, and it seems like he's enjoying the process of pushing you to the limit here."

Respondent requested a hearing on the *ex parte* FAPA order, and the hearing took place on February 17. At that hearing, both petitioner and respondent testified. Petitioner testified that respondent had pulled his vehicle onto her property without permission and took his things. Respondent testified, "I didn't lay a hand on this woman. I didn't do anything for her to be afraid of anything." The court continued the restraining order, and stated:

> "Respondent going to petitioner's property to pick up his effects without prior notice to petitioner and without [a] third party present would place petitioner in fear of imminent bodily injury in light of prior actions between the parties and directions by petitioner to respondent and respondent's attorney not to go onto petitioner's property. Respondent did not touch petitioner, did not cause petitioner bodily injury and did not attempt to cause petitioner bodily injury."

ORS 107.718(1) allows the court to issue a restraining order upon a showing that "the petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that there is an imminent danger of further abuse to the petitioner and that the respondent represents a credible threat to the physical safety of the petitioner * * *." *See also Hannemann v. Anderson,* 251 Or App 207, 212, 283 P3d 386 (2012). In turn, ORS 107.705(1) provides in pertinent part:

> "'Abuse' means the occurrence of one or more of the following acts between family or household members:

"(a) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b) Intentionally, knowingly or recklessly placing another in fear of imminent bodily injury."

The petitioner has the burden of proving a claim under FAPA by a preponderance of the evidence. ORS 107.710(2).

Thus, the question on appeal is whether there is any evidence in the record that (1) that respondent abused petitioner within 180 days preceding the filing of the petition by attempting to cause or causing bodily injury to petitioner or by placing her in fear of imminent bodily injury, (2) there is an imminent danger of further abuse to petitioner, and (3) respondent represents a credible threat to the physical safety of petitioner. On this record, we conclude that there is no evidence to support the second and third requirements.

The only evidence that respondent had caused petitioner bodily harm was her statement that "he squished me in a doorway."[1] We assume for the sake of discussion that that incident constituted abuse under ORS 107.705 within the relevant time period.

The only evidence put forth by petitioner to prove that she was in imminent danger of further abuse and that respondent represents a credible threat to petitioner's safety is that he went to her house to retrieve his property. Immediately after petitioner saw respondent, he left. Petitioner stated that she was afraid, but she said that it was seeing a man on her property—whom she later identified as respondent's son—that made her afraid. "[E]ven if a petitioner makes subjective assertions of fear, a FAPA restraining order will not be upheld when there is insufficient evidence that the alleged conduct creates an imminent danger of further abuse and a credible threat to the physical safety of the petitioner." *Hubbell v. Sanders*, 245 Or App 321, 326, 263 P3d 1096 (2011). Objectively, there is no evidence that respondent posed an imminent danger of further abuse to the petitioner and represents a credible threat to her physical safety. Under the totality of

---

[1] As noted, the court stated that the previous judge had made specific findings about that incident, when the previous judge dismissed that petition.

the circumstances, we conclude that the trial court erred in continuing the restraining order.

Reversed.