Argued and submitted November 3, 2015, reversed June 8, 2016

Gretchen Marie PATTON,
*Petitioner-Respondent,*

*v.*

Jason Dewayne PATTON,
*Respondent-Appellant.*

Multnomah County Circuit Court
14PO02337; A158149

377 P3d 657

Kathy Proctor argued the cause for appellant. With her on the brief was Proctor Law PC.

Kenneth Lee Baker waived appearance for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**TOOKEY, J.,**

Respondent appeals an order continuing a restraining order entered against him under the Family Abuse Prevention Act (FAPA). ORS 107.700 - 107.735. Respondent contends that petitioner failed to present any evidence to prove that petitioner had suffered abuse, was in imminent danger of further abuse, or that respondent presented a credible threat to petitioner's safety to support the continuation of the restraining order. *See* ORS 107.718(1). We reverse.

Pursuant to ORAP 5.40(8)(a), respondent requested that we exercise our discretion to review this matter *de novo*. Because this is not an exceptional case we decline that request. *Hubbell v. Sanders*, 245 Or App 321, 323, 263 P3d 1096 (2011); ORS 19.415(3)(b). Instead, we review to determine whether any evidence establishes the requisites for the issuance of the FAPA restraining order by the trial court. *Id.*

In accordance with that standard, the following facts are relevant to our review. Respondent and petitioner have been married since July 15, 2011, and have no children together. On August 18, 2014, petitioner and respondent saw a marriage counselor. At that counseling session, respondent agreed to a temporary separation and to remove his trailer from their shared property. The next day, on August 19, respondent told petitioner he was not going to remove the trailer that day and an argument ensued. During that argument, respondent threatened to smash petitioner's car and destroy petitioner's belongings. Petitioner then went to her room to call the police. Respondent followed her and cornered her in the bedroom. Petitioner then pushed and kicked respondent, told respondent that she would not call the police, and respondent left the bedroom.

On August 22, petitioner filed a restraining order petition. The court held an *ex parte* hearing on the same day and issued a temporary restraining order. Respondent requested a hearing. At the hearing, petitioner recounted the argument that she had with respondent and claimed that respondent's behavior had been erratic, moody, aggressive, and angry. Petitioner testified that respondent had been abusing his prescription pain medication, stealing

petitioner's prescription medication, and that respondent "stated he was going to get a gun a couple of months ago." At the close of petitioner's case, and at the conclusion of the hearing, the court denied respondent's motions to dismiss the petition and terminate the restraining order.

To obtain a restraining order under ORS 107.718(1), a petitioner must prove by a preponderance of the evidence that: (1) the respondent abused the petitioner within 180 days preceding the filing of the petition; (2) there is an imminent danger of further abuse to petitioner; and (3) the respondent represents a credible threat to the physical safety of petitioner. *See* ORS 107.710(2) ("The petitioner has the burden of proving a claim under ORS 107.700 to 107.735 by a preponderance of the evidence."). We assume, without deciding, that the incident that occurred on August 19, 2014, constituted abuse under ORS 107.705(1) and, thus, we do not discuss the first prerequisite to obtaining a restraining order under ORS 107.718(1).[1] The issue we address is whether there is any evidence in the record that petitioner was in imminent danger of further abuse from respondent and that respondent represents a credible threat to the petitioner's physical safety. *Hubbell*, 245 Or App at 323.

As noted, respondent argues that there is no evidence that his conduct created an imminent danger of further abuse or a credible threat to petitioner's physical safety. Petitioner argued during the hearing that respondent's prescription drug use, aggressive behavior, and threats to destroy petitioner's property are sufficient to establish imminent danger of further abuse and a credible threat to her physical safety. In *Hubbell*, we stated that, "even if a petitioner makes subjective assertions of fear, a FAPA restraining order will not be upheld when there is * * * [no] evidence that the alleged conduct creates an imminent danger of further abuse and a credible threat to the physical safety of the petitioner." 245 Or App at 326.

Here, viewing the evidence objectively, as we must, we conclude that respondent's aggressive behavior, his threat

---

[1] In this context, "abuse" has three definitions, the pertinent one here being the act of "intentionally, knowingly or recklessly placing [family or household members] in fear of imminent bodily injury." ORS 107.705(1)(b).

to destroy petitioner's car, his use of pain medication, and his statement that he was going to get a gun do not demonstrate that respondent created or continued to create an imminent danger of further abuse or a credible threat to petitioner's physical safety. The only evidence of respondent's aggressive or threatening behavior is on the day the argument occurred. Although his behavior on that day could be considered erratic, aggressive, and angry, it was not persistent, and there is no evidence that it had occurred prior to, or continued past, the isolated incident on August 19. *See Valenti v. Ackley*, 261 Or App 491, 495, 326 P3d 604 (2014) (volatile and sometimes violent relationship did not demonstrate that former boyfriend posed imminent danger of further abuse or credible threat to petitioner's safety once the parties stopped cohabitating). Nor is there any evidence that respondent actually carried out any of the threats to destroy petitioner's property. *See Hubbell*, 245 Or App at 326-27 (the respondent's actions of trespassing on the petitioner's property, chasing petitioner in his car, leaving threatening voicemails and text messages, and vandalizing petitioner's car demonstrated a "dangerous obsession" with petitioner that established that the petitioner was in imminent danger of further abuse and that the respondent posed a credible threat to her safety).

Additionally, the evidence does not demonstrate how respondent's alleged prescription drug abuse created an imminent danger of further abuse or how respondent's drug use represents a credible threat to petitioner's physical safety. *See Fielder v. Fielder*, 211 Or App 688, 695-96, 157 P3d 220 (2007) (holding that petitioner was in imminent danger of further abuse by respondent who had a pattern of abusing the petitioner, observing that the "[r]espondent's abusive behavior continues to correlate with her alcohol consumption, and she has not been able to successfully control that behavior").

Finally, there is no evidence that respondent ever bought a gun, that he had ever threatened petitioner with a gun, or that, when respondent said that he was going to get a gun a couple of months before the argument, that it was in the context of him using it against petitioner or anyone else, such that it could pose an imminent danger of further abuse

to petitioner or a credible threat to her safety. *Compare Lefebvre v. Lefebvre*, 165 Or App 297, 301-02, 996 P2d 518 (2000) (behavior that is "erratic, intrusive, volatile and persistent" combined with an "obsess[ion] with the idea of killing another person" may place a petitioner in imminent danger of further abuse), *with Poulalion v. Lempea*, 251 Or App 656, 658-59, 284 P3d 1212 (2012) (after the respondent had "squished" the petitioner in a doorway, evidence that the respondent owned three weapons, but had never threatened the petitioner with a weapon, and went to the petitioner's home to remove items without engaging in threatening behavior, did not demonstrate that respondent posed an immediate danger of further abuse to the petitioner or a credible threat to her safety).

We conclude that there is no evidence in the record to demonstrate that there was an imminent danger of further abuse to petitioner or that respondent represented a credible threat to petitioner's physical safety. The trial court erred in continuing the restraining order.

Reversed.