Submitted November 1, 2013, reversed October 5, 2016

Tiffany KELLEY,
*Petitioner-Respondent,*

*v.*

Bridget STUTZMAN,
*Respondent-Appellant.*

Jackson County Circuit Court
124934R0; A153035

383 P3d 287

James R. Dole and Watkinson, Laird, Rubenstein, Baldwin & Burgess, P.C., filed the brief for appellant.

Tiffany Kelley filed the brief *pro se.*

Before Duncan, Presiding Judge, and Hadlock, Chief Judge, and Wollheim, Senior Judge.

**DUNCAN, P. J.**

Petitioner obtained a temporary restraining order against respondent under the Family Abuse Prevention Act (FAPA), ORS 107.700 - 107.735. After a contested hearing, the trial court continued the order. Respondent appeals the court's continuation of the order, asserting that petitioner failed to present sufficient evidence that (1) respondent had abused petitioner, (2) there was an imminent danger of further abuse to petitioner, and (3) respondent presented a credible threat to the physical safety of petitioner. We conclude that, even assuming petitioner presented sufficient evidence of past abuse, petitioner failed to present sufficient evidence that she was in imminent danger of further abuse and that respondent presented a credible threat to her physical safety. Therefore, we reverse.

Respondent requests that we exercise our discretion to review *de novo*. Because we do not view this as an exceptional case, we decline to do so. *See* ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record only in exceptional cases."). Consequently, we are bound by the trial court's factual findings if they are supported by any evidence in the record. *Maffey v. Muchka*, 244 Or App 308, 313, 261 P3d 26 (2011). If the trial court did not make express findings on a disputed issue, we presume that it made findings consistent with its judgment in petitioner's favor. *Hannemann v. Anderson*, 251 Or App 207, 208, 283 P3d 386 (2012). We review the trial court's legal conclusions for legal error. *Maffey*, 244 Or App at 313.

Stated in accordance with those standards, the relevant facts are as follows. Petitioner is respondent's niece. At the time of the hearing in this case, petitioner was 28 years old and respondent was 51 years old. When petitioner was growing up, she had a close relationship with respondent, but the two had become estranged. Respondent, who believed that petitioner had a drug problem, had stopped communicating with petitioner approximately 11 months before the incident that led petitioner to apply for the restraining order.

That incident occurred after a church service. Petitioner attended the service with her fiancé, and, as they were leaving, respondent, who had also attended the service, approached them in the church lobby.

At the restraining order hearing, petitioner testified that respondent yelled at her, accusing her of using drugs and being involved in pornography. Petitioner started to walk away from respondent, and respondent grabbed petitioner's arm. Petitioner pulled away and walked out of the lobby to the parking lot. Petitioner's fiancé went into a room to return a Bible, and respondent followed him into the room and then out to the parking lot, continuing to yell. In the parking lot, respondent stood in front of the driver's door of petitioner's car and told petitioner, "If we weren't at church you'd be dead right now." Petitioner pushed respondent out of the way and got into the driver's seat. Respondent stayed near the car, which was a convertible with the top down, and continued to yell at petitioner. While pulling out of her parking spot, petitioner had to drive slowly to avoid hitting respondent, who was standing in front of the car. Petitioner had to turn the car around in the parking lot and drive back past respondent, who, according to petitioner, "was standing there yelling the same things the entire time." Petitioner testified that, following the church incident, she was "very fearful for [her] life."

Petitioner also testified that, approximately three months before the church incident, respondent had come onto petitioner's property. When petitioner went outside, respondent left.

The trial court continued the restraining order against respondent, stating that petitioner "seems to be in fear of imminent danger." As mentioned, respondent appeals, asserting that petitioner presented insufficient evidence to support the restraining order.

To obtain a restraining order, a petitioner must show, by a preponderance of the evidence,

> "[(1)] that the petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, [(2)] that there is an imminent danger

of further abuse to the petitioner and [(3)] that the respondent represents a credible threat to the physical safety of the petitioner."

ORS 107.718(1). "A petitioner must meet each of those requirements to obtain a FAPA restraining order." *Fielder v. Fielder*, 211 Or App 688, 693, 157 P3d 220 (2007).

"Abuse" is defined as "the occurrence of one or more of the following acts between family or household members":

"(a)   Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b)   Intentionally, knowingly or recklessly placing another in fear of imminent bodily injury.

"(c)   Causing another to engage in involuntary sexual relations by force or threat of force."

ORS 107.705(1).

In the trial court, petitioner asserted that respondent abused her during the church incident. Even assuming that respondent's conduct during that incident constitutes abuse, we conclude that petitioner failed to present sufficient evidence to establish the other two requirements for a restraining order: that she was in imminent danger of further abuse and that respondent represented a credible threat to the physical safety of petitioner.

A petitioner's subjective fear is insufficient to support a FAPA restraining order. *Hubbell v. Sanders*, 245 Or App 321, 326, 263 P3d 1096 (2011). A petitioner must present evidence to establish that the respondent's conduct, in fact, "creates an imminent danger of further abuse and a credible threat to the physical safety of the petitioner." *Id.* On this point, *Patton v. Patton*, 278 Or App 720, 377 P3d 657 (2016), and *Daley v. Daley*, 280 Or App 448, 380 P3d 1226 (2016), are illustrative.

In *Patton*, the petitioner obtained a restraining order against the respondent, her husband, after an incident that occurred as they were separating. During the incident, the respondent threatened to smash the petitioner's car and destroy her belongings. The petitioner then went into her room to call the police, and the respondent followed

and cornered her. She pushed and kicked him away and left the room. On appeal, we held that the trial court erred by issuing the restraining order. We noted that, although the respondent's conduct on the day of the incident "could be considered erratic, aggressive, and angry," there was no evidence that the respondent had engaged in similar conduct either before or after the incident. 278 Or App at 723. We also noted that there was no evidence that the respondent actually carried out any of his threats to destroy the petitioner's property. *Id.*

Similarly, in *Daley*, we held that the petitioner failed to present sufficient evidence to obtain a restraining order. In that case, the petitioner presented evidence regarding an incident during which the respondent, her husband, told her to leave the family home because he believed that she was abusing alcohol. According to the petitioner, during the incident, the respondent's "voice was raised and he was close enough to her that she could smell his breath." 280 Or App at 450. He called her names and suggested that she was going to fall off of a cliff. On appeal, we concluded that the evidence was not sufficient "to support a determination that respondent's conduct put petitioner at imminent risk of further abuse or credibly threatened her physical safety." *Id.* at 454. *See also Poulalion v. Lempea*, 251 Or App 656, 658-59, 284 P3d 1212 (2012) (evidence that the respondent had "squished" the petitioner in a doorway, owned three weapons, and went to the petitioner's home to remove his property was insufficient to support a restraining order).

This case is similar to *Patton* and *Daley* in that it involves an isolated incident of aggressive, primarily verbal, conduct. Respondent confronted petitioner because she believed that petitioner was engaging in self-destructive behaviors. When petitioner walked away, respondent grabbed her arm, but there is no evidence that she did so in a manner that caused petitioner any pain or injury. Petitioner was able to pull away and leave the church building. Respondent followed petitioner to the parking lot and made a verbal threat to petitioner, but there is no evidence that she made any effort to harm petitioner. Indeed, there is no evidence that respondent had ever harmed, or even attempted to harm petitioner, or anyone else, either before

or after the church incident. Thus, although the church incident caused petitioner fear, in context, it was insufficient to show that respondent posed an imminent danger and a credible threat to petitioner's physical safety.

Reversed.