Argued and submitted December 6, 2016, affirmed May 17, 2017

Monica D. DRAKE,
*Petitioner-Respondent,*

*v.*

Kassten F. ALONSO,
aka Kassten F. Alsonso,
*Respondent-Appellant.*

Multnomah County Circuit Court
15PO04551; A160408

396 P3d 961

Mark T. McLeod and McLeod & McLeod Attorneys at Law filed the brief for appellant.

Brenna Tanzosh argued the cause for respondent. With her on the brief was Tanzosh Family Law LLC.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Flynn, Judge pro tempore.

**DEHOOG, J.**

In this appeal, respondent in a proceeding under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735, challenges a restraining order prohibiting his contact with petitioner. Respondent assigns error to the trial court's issuance of the FAPA restraining order. In support of his position, respondent first contends that the record does not support the trial court's finding that abuse occurred. *See* ORS 107.718(1). Second, respondent asserts that the court erred by failing to make two findings that were essential to the issuance of a FAPA restraining order, specifically, that petitioner was in imminent danger of further abuse, and that respondent represented a credible threat to petitioner's safety. *See id.* Third, respondent argues that the court could not have made those findings, because the record does not support them. In response, petitioner argues that respondent failed to preserve each of those contentions, but that, to the extent that we consider them, the record supports each of the trial court's express and implicit findings and the restraining order as a whole.

As explained below, we agree with petitioner that respondent failed to raise before the trial court some of the contentions that he seeks to have us consider on appeal, and, accordingly, we do not consider the merits of those contentions. Respondent did preserve his argument that the trial court's finding that the abuse occurred is unsupported by the record. However, we decline respondent's request to conduct *de novo* review in this case and conclude that evidence in the record supports the trial court's finding of abuse. Accordingly, we affirm.

We begin with a brief overview of the procedural history of the case and the evidence presented at the FAPA hearing. On July 20, 2015, petitioner filed a "Petition for Restraining Order to Prevent Abuse" under ORS 107.718(1).[1]

---

[1] ORS 107.718(1) authorizes a court to issue a restraining order

"[u]pon a showing that the petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that there is an imminent danger of further abuse to the petitioner and that the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child[.]"

In her petition, she alleged that, on July 15, 2015, respondent, who was petitioner's husband, had committed abuse within the meaning of FAPA. Petitioner alleged that, on that date, respondent "came home from work, after a few drinks[.] *** [H]e physically attacked me. I had to fight for my safety. It was terrifying." The trial court reviewed the petition *ex parte* and issued the requested restraining order. *See* ORS 107.718(1) (authorizing the initial issuance of a restraining order through *ex parte* proceedings). Respondent filed a timely request for a hearing to contest the issuance of that order. *See* ORS 107.718(10) (imposing hearing request deadline of 30 days after service of the order).

At the contested hearing, the court began by clarifying the scope of respondent's challenge:

"THE COURT: I'll describe how I'd like to proceed. First of all, I'd like to know the position [of respondent] *** on the restraining order itself; and that is, is it his position that if we go through and hear all the facts, I will determine that the incident did not occur? Is that the position?

"[RESPONDENT]: Yes, Your Honor, that no abusive incident occurred, yes.

"THE COURT: *** I want to determine first that issue, and then obviously if it did not occur, then we're done. *** I have read the petition. It establishes a *prima facie* case for granting the restraining order, and that's what a restraining order is based on in the initial stage. And so I want to treat the petition as direct testimony of the petitioner, and start with allowing any cross-examining of the petitioner on that."

Respondent voiced no objection to the court's proposed reliance on the petition and proceeded to question petitioner regarding her allegations of abuse. Petitioner testified that,

---

In turn, ORS 107.705(1) defines "abuse" as

"the occurrence of one or more of the following acts between family or household members:

"(a) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b) Intentionally, knowingly or recklessly placing another in fear of imminent bodily injury.

"(c) Causing another to engage in involuntary sexual relations by force or threat of force."

following a heated argument with respondent, she had gone outside and sat on the steps of their home with her cell phone in her hand. She stated that respondent had followed her outside and

> "had a big glass of wine in his right hand, and he lunged at me with his left hand and he tried to get the phone out of my hand[.] * * * I was determined not to let go of that phone; and he grabbed my left hand and bent my hand backwards to try to force me to let go of it, and he knocked me backwards on the stairs. I didn't fall over, but I was afraid of falling over and I had to struggle between hanging onto the phone and not falling off the stairs onto the cement, where there was a pile of construction debris below[.]"

According to petitioner, when respondent "lunged" at her, she was "knocked around" and "screamed at the top of [her] lungs * * * and that's when he let go of [her]." Petitioner further testified that she had "bruising on [her] forearm" as a result of the incident. To corroborate her testimony, petitioner introduced into evidence a brief video of the incident that she had taken with her cell phone.

Respondent disputed petitioner's account of the incident. To impeach petitioner's testimony that he had bruised her forearm, respondent cross-examined her regarding a photograph taken on July 16, the day after the alleged abuse, which showed no apparent bruising. Respondent also testified to a different version of events. He recalled "t[aking] the phone out of [petitioner's] hand" during the July incident, but denied that there had been a struggle or that he had pushed petitioner. According to respondent, the only physical contact that occurred was when petitioner "rake[d] my arm with her fingernails, trying to get her phone back, and when she realized she couldn't get it back she started screaming 'Help' at the top of her lungs. * * * I was surprised and kind of scared by the volume * * * so I handed her her cell phone back."

At the conclusion of respondent's testimony, the trial court summarized the relevant aspects of the parties' evidence. The court recounted that petitioner first had testified that respondent "'physically attacked me, I had to fight for my safety.' Then there was the video, and then there was [respondent's] testimony that said, 'I snatched the phone out

of her hand.'" Based on that evidence, the court found that respondent "subjected [petitioner] to this offensive physical contact [and] placed her in fear[.]" Upon concluding that "a restraining order [was] appropriate for that action," the court entered an order upholding the *ex parte* restraining order.

Respondent now appeals that order and, as noted, raises three arguments in support of his contention that the court erred in entering the order. As a preliminary matter, we first address petitioner's contention that respondent failed to preserve his arguments before the trial court and that we therefore should not consider them. As petitioner correctly observes, generally, "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court," ORAP 5.45(1). *See State v. Reynolds*, 250 Or App 516, 519, 280 P3d 1046, *rev den*, 352 Or 666 (2012). To preserve an issue for appellate review, a litigant must raise the relevant issue below and provide an explanation of his or her position to the trial court. *State v. Liviu*, 209 Or App 249, 252, 147 P3d 371 (2006), *rev den*, 345 Or 158 (2008). Preservation gives a trial court the chance to consider and rule on an argument, which may avoid an error altogether or correct one already made and obviate the need for an appeal. *Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977). Preservation also ensures fairness to an opposing party by permitting that party to respond to a contention and not be taken by surprise. *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995). Accordingly, our jurisprudence has embraced the preservation requirement "not to promote form over substance but to promote an efficient administration of justice and the saving of judicial time." *Shields*, 277 Or at 77-78.

With those principles in mind, we conclude that respondent adequately raised and preserved his first argument, in which he asserts that the trial court's finding of abuse lacked sufficient evidentiary support.[2] In support of

---

[2] Respondent's argument is not entirely clear and, at times, could be viewed as contending that the trial court erred as a matter of law in concluding that the facts that it had found qualified as "abuse" under FAPA. Respondent's focus, however, appears to be on whether the evidentiary record supports the trial court's factual findings. Therefore, we proceed with the understanding that his argument is that the record does not support those findings.

her view that respondent did not preserve that argument for appeal, petitioner notes that respondent never objected to the court's conclusion that respondent's conduct constituted abuse. Respondent does not dispute that point, nor does his briefing "demonstrate that the question or issue presented by [that] assignment of error timely and properly was raised and preserved" in the trial court, ORAP 5.45(4)(a).[3] Despite that failing, however, we conclude that respondent's contention is preserved.

As noted, in response to the trial court's pre-hearing inquiry, respondent confirmed that his "position" was that "no abusive incident occurred." He proceeded to present evidence disputing petitioner's version of events, including her account of the alleged abuse in July 2015. Respondent thus notified petitioner that he contested the factual sufficiency of her abuse claim and alerted her to the fact that he would hold her to her burden of proof on that issue. *See Vanik-Burns v. Burns*, 284 Or App 366, 370-71, 392 P3d 286 (2017) (petitioner must prove each element in ORS 107.718(1) to obtain a restraining order). Those same actions informed the court that respondent's contention was that he had not abused petitioner, a contention that the court directly addressed in its oral ruling. As a result, those actions fulfilled the purposes of the preservation requirement—notably, fairness, notice to the opposing party, and efficient judicial administration—and, accordingly, preserved respondent's contention for appeal.

Respondent did not, however, preserve his remaining arguments on appeal. As noted, respondent contends

---

[3] ORAP 5.45(4)(a) requires petitioner to "specify the stage in the proceedings when the question or issue * * * was raised in the lower court, the method or manner of raising it, and the way in which it was resolved" and to "set out pertinent quotations of the record where the question or issue was raised and the challenged ruling was made, together with reference to the pages of the transcript or other parts of the record quoted or to the excerpt of record." "Compliance with ORAP 5.45 is not a matter of mere form; it is crucial to our ability to review trial court rulings for error and to determine whether the appellant's claims of error were preserved below." *Migis v. AutoZone, Inc.*, 282 Or App 774, 805, 387 P3d 381 (2016). Because compliance with ORAP 5.45(4)(a) often affects our ability to properly consider a case, we may decline to consider an argument where an appellant fails to follow its mandate. ORAP 5.45(4)(c); *see Migis*, 282 Or App at 806. Here, however, our ability to review the first argument has not been impaired, and we exercise our discretion to review it.

that the trial court erred in failing to make express findings that petitioner was in imminent danger of further abuse and that respondent represented a credible threat to her safety. *See* ORS 107.718(1). As with his first argument, respondent's briefing does not comply with ORAP 5.45(4)(a). Petitioner argues that respondent did not preserve his assertion that the trial court was required to make those findings, because respondent in no way alerted petitioner or the court that he disputed those findings or that, in his view, the court was required to expressly make them. We agree with petitioner.

It bears repeating once again that, at the outset of the hearing, the trial court asked respondent if his position was that the abusive incident had not occurred, and respondent confirmed that understanding without elaboration. Additionally, over the course of the hearing, respondent presented no evidence or argument that would have signaled to petitioner or the court his contention that, even if the court found abuse, a restraining order was not warranted. *See Kelley v. Stutzman*, 281 Or App 388, 391-92, 383 P3d 287 (2016) (a petitioner seeking a restraining order must present evidence to establish that the respondent's conduct created an imminent danger of further abuse and that the respondent was a credible threat to the physical safety of the petitioner); *see also Daley v. Daley*, 280 Or App 448, 454, 380 P3d 1226 (2016) (the trial court erred in continuing the FAPA restraining order, because "none of the evidence presented in this case [wa]s sufficient to support a determination that respondent's conduct put petitioner at imminent risk of further abuse or credibly threatened her physical safety"). And, at the conclusion of the hearing, when the court determined that respondent had "subjected [petitioner] to this offensive physical contact, placed her in fear, and a restraining order [wa]s appropriate for that action," respondent did not argue that additional findings were required or that the evidence would not support those findings. As a result, the trial court was not afforded the opportunity to correct the alleged errors, nor was petitioner given the opportunity to address them. *See Davis*, 320 Or at 737 (preservation rules ensure that a party clearly present arguments to the trial court and that the opposing party is not taken by surprise, misled, or

denied the opportunity to meet an argument). Accordingly, we do not address those arguments on appeal.

Turning back to the issue respondent preserved before the trial court, we begin with the standard of review. As noted, respondent requests *de novo* review. Respondent's brief summarily asserts that *de novo* review is warranted, because, in his view, "the trial [court's] decision does not comport with express factual findings it made, or the uncontroverted evidence on the salient issues." *See* ORAP 5.40(8)(d) (including those factors among considerations relevant to the exercise of *de novo* review). However, respondent does not provide a single example of "uncontroverted evidence" that is inconsistent with the trial court's decision, nor any explanation of how the trial court's express findings compelled a different outcome. Moreover, he offers no other basis on which to conclude that this is an exceptional case warranting *de novo* review. *See* ORAP 5.40(8)(c) (stating that we will exercise our discretion to undertake *de novo* review only in exceptional cases). Accordingly, we conclude that *de novo* review is not warranted in this case.

Respondent argues that, if we decline his request for *de novo* review, then we must determine whether the trial court's finding of abuse constituted an abuse of discretion. Petitioner counters that our review is limited to whether there is any evidence in the record to support the trial court's finding. We agree with petitioner. Thus, we constrain our review to whether any evidence supports the court's finding that abuse satisfying FAPA's criteria occurred. *See Patton v. Patton,* 278 Or App 720, 721, 377 P3d 657 (2016).

Applying that standard here, we conclude that the evidentiary record readily supports the trial court's finding of abuse. In her *ex parte* petition, which the court considered without objection, petitioner stated that respondent "physically attacked" her and that she was "terrif[ied]" as a result. Petitioner also testified, stating that respondent "lunged" at her, "grabbed" her hand and "bent" it backwards, and "knocked" her backwards on the stairs. She also testified that respondent's actions left her with a bruised forearm. That evidence supports the finding that abuse occurred. *See* ORS 107.705(1) (defining "abuse" as action causing physical

injury *or* placing a person in fear of imminent physical injury).

Respondent's contrary argument does not persuade us otherwise. It is true that respondent disputed petitioner's version of events. However, his arguments on appeal—that petitioner's testimony was not "credible" or sufficiently "specific"—are nothing more than a request that we reweigh the evidence. That we cannot do, given our standard of review. Thus, it is immaterial that, in respondent's view, petitioner's evidence was not persuasive or was contradicted by other evidence. It was the trial court's role to determine whose testimony was credible and what weight to give the parties' competing evidence. In finding that respondent subjected petitioner to offensive physical contact and placed her in fear, the trial court evidently did just that—in favor of petitioner's account of the incident. There is evidence in the record to support the finding of abuse.

Affirmed.