Argued and submitted February 8, affirmed April 21, 2021

K. G. G.,
*Petitioner-Respondent,*

*v.*

David John LUCARELLI,
*Respondent-Appellant.*

Deschutes County Circuit Court
20PO00882; A173777

486 P3d 860

Respondent challenges a restraining order entered under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Petitioner and respondent were a couple for eight or nine years and have a young child together. After they separated, petitioner obtained a FAPA restraining order against respondent, based on an incident of abuse on January 26, 2020. Respondent contested the restraining order. After hearing testimony from both parties, the court continued the restraining order. Respondent appeals, challenging the sufficiency of the evidence. He contends that the only incident during the 180 days preceding the filing of the petition did not legally qualify as an incident of "abuse" as defined in ORS 107.705(1)(b), *i.e.*, that respondent intentionally, knowingly, or recklessly placed petitioner in fear of imminent bodily injury, which is an objective standard based on the totality of the circumstances. He also disputes the sufficiency of the evidence to establish an imminent danger of further abuse to petitioner or that respondent represents a credible threat to her physical safety. *Held*: The evidence was sufficient to support the restraining order.

Affirmed.

Beth M. Bagley, Judge.

David G. Brown argued the cause for appellant. Also on the brief was Merrill O'Sullivan, LLP.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Respondent challenges a restraining order entered against him under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Petitioner and respondent were a couple for eight or nine years and have a young child together. After they separated, petitioner obtained a restraining order against respondent, based on an incident of abuse on January 26, 2020. Respondent contested the restraining order. After hearing testimony from both parties, the court continued the restraining order. Respondent appeals. We affirm.

A FAPA restraining order is available upon a showing that (1) the petitioner has been the victim of abuse committed by the respondent within the 180 days preceding the filing of the petition, (2) there is an imminent danger of further abuse to the petitioner, and (3) the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child. ORS 107.718(1). As relevant here, "abuse" includes "[i]ntentionally, knowingly, or recklessly placing another in fear of imminent bodily injury." ORS 107.705(1)(b). The "fear" at issue is judged by an objective standard, considering the totality of the circumstances. *Fielder v. Fielder*, 211 Or App 688, 694, 157 P3d 220 (2007).

Respondent challenges the sufficiency of the evidence on all three points. He argues that, as a matter of law, the January 26 incident—which was the only alleged incident of abuse within the 180-day period—does not qualify as "abuse" under FAPA. Alternatively, respondent argues that the evidence was legally insufficient to establish that there was an imminent danger of further abuse to petitioner or that he posed a credible threat to her physical safety.

On non-*de novo* review,[1] "we are bound by the trial court's factual findings if they are supported by any evidence; if the trial court did not make express factual findings on disputed issues, we presume that it made implicit findings consistent with its ultimate judgment." *J. V.-B. v.*

---

[1] Appellant has not requested *de novo* review, and we do not exercise our discretion to provide *de novo* review. *See* ORS 19.415(3)(b); ORAP 5.40(8)(c).

*Burns*, 284 Or App 366, 367, 392 P3d 386 (2017). We review the trial court's legal conclusions for legal error. *Id.*

Having reviewed the record, we conclude that there was evidence to support the trial court's express and implied factual findings and that those findings, in turn, were legally sufficient to support the restraining order. In short, the relevant facts are as follows. The parties were in a relationship for eight or nine years and have a young child. In August 2017, during an argument, respondent hit petitioner in the face and threatened to kill her. In July 2019, around the time that the parties separated and respondent moved out of the family home, respondent hit petitioner in the face "very hard" during another argument. On at least two other occasions, respondent told petitioner that she was "lucky" not to "have a black eye." On January 26, 2020, petitioner told respondent on the phone that he could no longer watch the child at her home because of his disrespect of her and his disrespect of the home. In response, respondent threatened to "come over there and beat down the door and beat [her] ass so bad and take [the child] from [her]." Sometime thereafter, respondent arrived to pick up the child for the day and, while there, cursed petitioner, including calling her a "fucking cunt" in front of the child. Later that evening, respondent called petitioner "more choice words" on the phone, and, when returning the child to petitioner's home, kicked and beat on her front door "like a crazy person" and told her to "get [her] fat ass outside" to get the child. Petitioner testified that she was "incredibly fearful" when respondent was kicking and beating on the door on January 26 and that, without a restraining order, she was "very afraid" of him generally.

That evidence was legally sufficient to establish that respondent at least recklessly (if not knowingly or intentionally) placed respondent in fear of imminent bodily injury on January 26. Respondent's past physical violence towards petitioner, his express threat of physical violence on the morning of January 26, and his repeated expressions of hostility toward petitioner that day are all relevant context for why his physical act of kicking and beating on her front door would put a reasonable person in fear of imminent bodily injury. ORS 107.705(1)(b); *see M. A. B. v. Buell*, 366 Or 553, 565, 466 P3d 949 (2020). For similar reasons, the evidence

was legally sufficient for the trial court to determine that there was an imminent danger of further abuse to petitioner and that respondent posed a credible threat to her physical safety. Respondent's past violence and threats toward petitioner, the parties' ongoing relationship (due to their young child), and respondent's ongoing hostility toward petitioner six months after their separation are all relevant. *See M. A. B.*, 366 Or at 565.

Respondent contests petitioner's version of events and disagrees with the trial court's ruling. However, where the parties disagree about the facts, it is for the trial court to make the necessary credibility determinations and factual findings, and, if there is any evidence to support the trial court's findings, we are bound by those findings. *J. V.-B.*, 284 Or App at 367. Here, the trial court expressly credited petitioner's version of events and disbelieved respondent's version. The only question before us as an appellate court is whether the evidence was legally sufficient to allow the trial court to make the findings that it did and reach the conclusions that it did. *Botofan-Miller and Miller*, 365 Or 504, 505, 446 P3d 1280 (2019), *cert den*, ___ US ___, 141 S Ct 134 (2020). That standard is met in this case. Accordingly, we affirm the trial court's judgment continuing the restraining order for one year.

Affirmed.