86 November 19, 2025 No. 992

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TICOR TITLE COMPANY OF OREGON,
*Plaintiff-Respondent,*
*and*

Alexander DIAZ
*Defendant-Respondent,*

*v.*

Guether A. CASTILLON,
*Defendant-Appellant.*

Benton County Circuit Court
23CV08513; A182643

Joan E. Demarest, Judge.

Submitted January 10, 2025.

Guenther A. Castillon filed the briefs *pro se*.

Ron Collins filed the brief for respondent Alexander Diaz.

No appearance for respondent Ticor Title Company of Oregon.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Portion of limited judgment awarding costs and fees reversed and remanded; otherwise affirmed.

**SHORR, P. J.**

This appeal involves a dispute over an earnest money deposit following a residential real estate sale agreement that fell through. Plaintiff Ticor Title Company of Oregon (Ticor Title) filed an interpleader action naming as defendants Castillon (Seller) and Diaz (Buyer). Seller appeals from a limited judgment, challenging the trial court's order regarding the earnest money and award of attorney fees, costs, and prevailing party fees to Buyer.[1] For the reasons explained below, we reverse and remand the award of attorney fees and costs, and otherwise affirm the judgment.

In October 2022, Buyer and Seller entered into a residential sale agreement for the sale of Seller's home. Pursuant to the agreement, Buyer made a $4,000 earnest money deposit in escrow with Ticor Title. The agreement provided for the refund of that deposit to Buyer if "any condition which Buyer has made an express contingency in this Agreement (and has not been otherwise waived) fails through no fault of Buyer." Buyer made the agreement expressly contingent on the successful sale of Buyer's home.

The parties terminated their agreement prior to closing. After termination, Ticor Title filed this suit in interpleader because both parties claimed the earnest money held in escrow. All parties agreed to waive hearing and asked the court to rule based on the pleadings submitted to the court. The trial court issued an opinion letter and an order determining that Buyer was entitled to the earnest money in question. The court further ordered Seller to pay attorney fees, costs, and prevailing party fees to Buyer.

On appeal, Seller challenges the trial court's decision that Buyer was entitled to the earnest money and the court's order that Seller pay Buyer's attorney fees, costs, and prevailing party fees.[2] In response, Buyer makes no developed argument on the merits outside of generally maintaining that the trial court did not err. In his argument section,

---

[1] The trial court also awarded attorney fees and costs to Ticor Title to be paid out of the interpleaded funds. Seller does not challenge that award on appeal.

[2] Seller seeks *de novo* review, a request which we decline because this is not an "exceptional case" which warrants such review. ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional cases").

Buyer contends that Seller's claims of error are unpreserved—a contention which we reject following our review of the record.[3]

Beginning with the earnest money, Seller contends that Buyer was not entitled to return of the deposit because Buyer terminated their agreement due to a lack of desire to sell his home rather than a true failure of the sale or financing contingencies. We review the trial court's legal conclusions for legal error and are bound by the trial court's factual findings if they are supported by any evidence. *K. G. G. v. Lucarelli*, 310 Or App 835, 836-37, 486 P3d 860 (2021). We conclude that the evidence in the record supported the trial court's order to return the earnest money to Buyer. As noted, the agreement provided for the refund of the earnest money to Buyer if any express contingency, such as the successful sale of Buyer's home, failed through no fault of Buyer. In this case, there is evidence to support the trial court's implicit finding that Buyer made a good faith effort to sell his home. Buyer priced his home based on the sales prices of similar properties that had recently sold. Buyer's real estate agent showed the home approximately 25 times and Buyer lowered the price once, but received no offers despite those efforts. Although Buyer sought to terminate the agreement two weeks prior to closing, Buyer's real estate agent communicated to Seller that they could wait until closing if Seller did not mind waiting until that date to place his house back on the market. Seller responded that it was appropriate to terminate immediately. Buyer did not sell his house prior to that termination. We therefore conclude that the trial court properly ordered the earnest money returned to Buyer, as provided for in the party's agreement, due to the failure of the sale contingency.[4]

---

[3] Buyer's brief argues only that Seller failed to appeal from the trial court's order resolving the merits and therefore did not preserve his arguments. Those are two separate concepts. Seller properly appealed from the limited judgment. The trial court's order was not appealable. ORS 19.205. Moreover, as noted, we have reviewed the record and conclude that Seller preserved the arguments he makes on appeal.

[4] Seller also argues that the trial court erroneously determined that Seller forfeited any claim on the earnest deposit by not signing the termination agreement within two days as required by Section 5.2 of the agreement. We do not address that argument because we conclude that Buyer was nevertheless entitled to return of the earnest money due to failure of the sale contingency.

We turn now to the court's award of attorney fees, costs, and prevailing party fees to Buyer.[5] We begin with the award of attorney fees. Generally, attorney fees are not recoverable without a statute or contractual provision authorizing the award. *Peace River Seed Co-Op v. Proseeds Marketing*, 355 Or 44, 65, 322 P3d 531 (2014). A party seeking attorney fees must "allege the facts, statute, or rule that provides a basis for the award of fees in a pleading." ORCP 68 C(2)(a). Buyer did not do so here. In his Answer to the complaint, Buyer requested that Seller "be held liable for reimbursement of [his] attorney fees and costs * * * in the event that the court adjudicates that [he is] entitled to the earnest money." Buyer did not identify any statutory or contractual basis for the request. We therefore conclude that the trial court erred in awarding attorney fees to Buyer.

Turning to the award of costs, a trial court may award costs and disbursements to the prevailing party pursuant to ORCP 68 B. We review that decision for abuse of discretion. *Sherwood Park Business Center, LLC v. Taggart*, 267 Or App 217, 238, 341 P3d 96 (2014). Because Buyer was the prevailing party, and Seller does not assert that the amount or nature of the costs were inappropriate, we conclude that the trial court did not abuse its discretion in awarding costs.

The court may also separately "award to the prevailing party up to an additional $5,000 as a prevailing party fee" after considering the factors enumerated in ORS 20.190(3). In this case, the trial court awarded a prevailing party fee of $1,500 after determining, among other factors, that Seller had acted in bad faith and Buyer had acted in good faith. Seller challenges the money award on the basis of those factual findings. We review the trial court's factual findings for any evidence, and if there is evidence to support those findings, we then determine whether the award of prevailing party fees amounted to an abuse of discretion.

[5] Seller argues that the dispute resolution clause in the agreement precludes a party from recovering a money award unless that party agreed to participate in mediation. That clause provides that a "prevailing party will not be entitled to any award of attorney fees unless it is first established * * * that the prevailing party offered or agreed in writing to participate in mediation." That clause does not apply to our determination of whether Buyer is entitled to an award of costs or prevailing party fees.

*Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005). Here, the evidence demonstrates that, despite reasonable efforts, Buyer did not sell his property before termination of the agreement. Seller agreed that early termination was appropriate. The actual failure to sell despite reasonable efforts entitled Buyer to a return of the earnest money due to the failure of the sale contingency. That evidence permitted the trial court to find that Seller's persistence in demanding the earnest money, based on the argument that Buyer simply no longer wanted to sell, was in bad faith. The trial court appropriately considered the factors enumerated in ORS 20.190(3), and we conclude that the court did not abuse its discretion by awarding prevailing party fees to Buyer.

In sum, we affirm the trial court's award of costs and prevailing party fees to Buyer, but conclude that its award of attorney fees to Buyer was in error. The court's judgment awarded $1,250 in "costs and fees" to Buyer but did not separate the award into attorney fees and costs. Accordingly, we reverse that portion of the limited judgment and remand for the trial court to enter an award of costs in light of our decision.

Portion of limited judgment awarding costs and fees reversed and remanded; otherwise affirmed.