Argued and submitted April 20, reversed May 19, 2021

A. J. T.,
*Petitioner-Respondent,*

*v.*

Shane M. CROFT,
*Respondent-Appellant.*

Jackson County Circuit Court
20PO03130; A174003

492 P3d 778

Respondent appeals the trial court's continuation of a Family Abuse Prevention Act (FAPA) order that petitioner obtained against him. The parties had a six-month romantic relationship. During the first four months, respondent committed several incidents of abuse. The parties then moved in together for the last two months of their relationship, during which there were no instances of abuse. At the conclusion of those last two months, the parties had an argument and the relationship ended. After that, respondent sent petitioner multiple emails and text messages expressing his unhappiness about the break-up. A week or so later, those communications ended. On appeal, respondent argues that the evidence presented was insufficient to support the trial court's finding that he represents a credible threat to petitioner's safety. *Held*: The trial court erred in continuing the FAPA order. The evidence was legally insufficient to support a determination that respondent represented a credible threat to petitioner's safety.

Reversed.

Charles G. Kochlacs, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Reversed.

## MOONEY, J.

Respondent appeals the trial court's Family Abuse Prevention Act (FAPA) order. He assigns error to the trial court's denial of the motion to dismiss that he made at the conclusion of petitioner's case-in-chief and to the court's continuation of the temporary FAPA order at the conclusion of the contested hearing. Defendant's argument focuses on the lack of evidence demonstrating that he poses a credible threat to petitioner's physical safety. We agree that the evidence is legally insufficient to support continuation of the restraining order, which we now reverse.

In the absence of a request for *de novo* review, or any reason to exercise our discretion to conduct *de novo* review, we do not do so. *See* ORS 19.415(3)(b); ORAP 5.40(8)(c). We review for legal error. *Kargol v. Kargol*, 295 Or App 529, 530, 435 P3d 814 (2019). We are bound by the trial court's factual findings if there is evidence in the record to support them. *Hannemann v. Anderson*, 251 Or App 207, 208, 283 P3d 386 (2012). We state the facts consistent with that standard.

The parties had a six-month romantic relationship. During the first four months, they dated but lived separately. And it was during those first four months when several incidents occurred that, as respondent acknowledges for purposes of this appeal, constitute "abuse." The parties then moved in together and, along with petitioner's son, cohabited for the last two months of their relationship during which there were no instances of abuse. At the conclusion of those last two months, the parties had an argument, petitioner and her son moved out, and the relationship ended. After that, respondent sent petitioner multiple emails and messages expressing his unhappiness about the break-up. There is no evidence that those communications were threatening, abusive, or inappropriate. The emails and text messages ended after a week or so. The parties arranged for petitioner to pick up her belongings and, after that, they had no more contact. Respondent testified that he no longer wants contact with petitioner and that he does not know where she resides. The trial court continued the FAPA order, concluding that the text messages "basically in my mind indicate that the Respondent is just not willing to let

things go" and that petitioner "has reasonable concerns for the physical safety."

An initial FAPA order must be supported by evidence of (1) abuse committed by the respondent within 180 days of filing, (2) imminent danger of further abuse, and (3) a credible threat to petitioner's safety from respondent. ORS 107.718(1). We note that the FAPA statutes were amended by the 2019 legislature. Or Laws 2019, ch 144, § 1. And, although ORS 107.718(1) was not amended, the legislature did amend ORS 107.716(3), which governs hearings to contest initial FAPA orders issued under ORS 107.718. Or Laws 2019, ch 144, § 1. Now, for a court to continue a FAPA order following a contested hearing, the record must include evidence (1) of past abuse committed by the respondent (within 180 days of filing), (2) that the petitioner reasonably fears for her physical safety, and (3) that the respondent represents a credible threat to the petitioner's safety or the safety of her child. ORS 107.716(3).[1] Respondent takes the position that, "under either standard, *** there must be proof of a continuing, credible threat to safety." We understand respondent's position to be that, under the current FAPA statutes, proof that respondent represents a continuing, credible threat to the safety of petitioner or her child is required both at the initial *ex parte* hearing under ORS 107.718(1) and at any subsequent hearing requested by the respondent under ORS 107.716(3). We agree.

---

[1] Previously, ORS 107.716(3) (2017) provided:

"In a hearing held pursuant to subsection (1) or (2) of this section, the court may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding."

ORS 107.716(3) now provides:

"In a hearing held pursuant to subsection (1) or (2) of this section:

"(a) The court may continue any order issued under ORS 107.718 if the court finds that:

"(A) Abuse has occurred within the period specified in ORS 107.710(1);

"(B) The petitioner reasonably fears for the petitioner's physical safety; and

"(C) The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child.

"(b) The court may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding."

Respondent does not challenge the trial court's finding that there was evidence to support the first element—past abuse. As to the second element, we note that, although petitioner did not testify that she is afraid of respondent, the court found that she had reasonable concerns for her safety. We understand respondent to challenge the finding that he represents a credible threat to petitioner's safety, which remains a required finding regardless of whether we analyze the evidence under the traditional imminent danger/credible threat standard of ORS 107.718(1) or the new reasonable fear/credible threat standard of ORS 107.716(3).

The evidence here does not support the trial court's continuation of the FAPA order. This was a relationship with a clear beginning and end. Respondent was unhappy that it ended, and he sent multiple messages to petitioner in the week or so following the break-up expressing that unhappiness. There were no threats. There was no further contact. And, while we generally defer to the trial court for its assessment of credibility, *Buell v. Buell*, 366 Or 553, 565, 466 P3d 949 (2020), here there was no evidence to support a determination that respondent represents a credible threat to petitioner's physical safety, even if we disregard his testimony and rely only on hers.

This case is similar to *Roshto v. McVein*, 207 Or App 700, 702, 143 P3d 241 (2006), which involved parties to a 10-month relationship. There, the petitioner ended the relationship and the respondent "inundated" her with "telephone messages and e-mails" expressing his desire for the relationship not to end. *Id.* Even though the petitioner testified in that case that she was afraid of the respondent, we concluded that there was no evidence of conduct after the break-up that showed that the respondent was a credible threat to the petitioner's physical safety and we reversed. *Id.* at 705; *see also Kargol*, 295 Or App at 533 (reversing a FAPA restraining order in part because, although the parties had had a volatile relationship, the nature of their relationship changed once they no longer lived together, and they had very little contact and there were no further incidents). There is also no evidence in this case that the parties' separation itself would provide an impetus for further abuse. *See Buell v. Buell*, 308 Or App 98, 105, 479 P3d 1087

(2020). To the contrary, the evidence here is that the contact stopped without incident.

Because the evidence is insufficient to support a determination that respondent represents a credible threat to petitioner's safety, the trial court erred in continuing the FAPA order.

Reversed.