Submitted April 2, affirmed June 3, 2021

K. E. J.,
*Petitioner-Respondent,*
*v.*

Joshua Blackwell JESSEE,
*Respondent-Appellant.*

Marion County Circuit Court
20PO04650; A174312

492 P3d 1264

Jennifer K. Gardiner, Judge pro tempore.

Joshua B. Jessee filed the brief *pro se*.

No appearance for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Respondent appeals the entry of an amended Family Abuse and Prevention Act (FAPA) restraining order issued against him under ORS 107.700 to 107.735. He contends that the trial court improperly found the qualifying circumstances to continue the order despite contradictory evidence in the record. We review the court's legal determinations for legal error and its findings of fact for any evidence in the record to support those findings. *Buell v. Buell*, 366 Or 553, 564, 466 P3d 949 (2020). We affirm.

Petitioner was granted an *ex parte* FAPA order under ORS 107.718(1). Respondent contested the entry of the order and requested a hearing under ORS 107.718(10). After the hearing, the trial court continued the order under ORS 107.716(3)(a),[1] which provides that

"[t]he court may continue any order issued under ORS 107.718 if the court finds that:

"(A)   Abuse has occurred within the period specified in ORS 107.710(1);

"(B)   The petitioner reasonably fears for the petitioner's physical safety; and

"(C)   The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."

Here, petitioner testified that, within 180 days of filing the petition, respondent behaved violently on multiple occasions. First, on one occasion, respondent had gotten so angry at petitioner that he punched and kicked a door in front of their four-year-old daughter until the door was destroyed. On another occasion, respondent punched a wall in the couple's bedroom due to his insistence that petitioner was having an affair. In the same time frame, respondent woke petitioner up in the middle of the night and threw her phone at the wall, creating a hole in the wall and shattering the phone. He then immediately took their daughter to Montana for a week (the first of two occasions that

---

[1] Petitioner filed her petition and was granted the FAPA order on June 1, 2020. Thus, we apply the current version of ORS 107.716(3), which was amended by the legislature in 2019 and became effective May 22, 2019. *See* Or Laws 2019, ch 144, § 1.

he took the child to Montana without petitioner's consent). Petitioner also testified that respondent tracked petitioner's whereabouts by planting devices in her purse and car, changed her passwords to her email accounts and deleted her emails, and continued this behavior even after he was served with divorce papers. Although respondent's testimony contradicted those facts, the trial court expressly discredited his testimony and credited petitioner's version of events. *Gladd v. Lucarelli*, 310 Or App 835, 838, 486 P3d 860 (2021) (explaining that "it is for the trial court to make the necessary credibility determinations *** and, if there is any evidence to support the trial court's findings, we are bound by those findings").

In reviewing the record, we conclude that there was legally sufficient evidence to support the trial court's factual findings, which in turn support the court's conclusion that respondent placed petitioner in fear of imminent bodily injury within 180 days prior to the petition, that petitioner reasonably fears for her physical safety, and that respondent poses a credible threat to petitioner. ORS 107.716(3)(a).

Affirmed.