Argued and submitted February 4, affirmed November 17, 2021, petition for review denied March 24, 2022 (369 Or 504)

# N. F. M.,
*Petitioner-Respondent,*

*v.*

# Sadeq Al KHALIDI,
*Respondent-Appellant.*

## Washington County Circuit Court
### 19PO07499; A173259

503 P3d 468

Respondent appeals the trial court's continuation of a restraining order issued against him under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Respondent assigns error to the trial court's findings that petitioner reasonably feared for her physical safety and that respondent posed a credible threat as required by ORS 107.716(3). Additionally, respondent assigns error to the court's award of petitioner's attorney fees. *Held*: There was legally sufficient evidence to support the trial court's conclusion to continue the FAPA order. Respondent's recent physical abuse of petitioner, combined with threats of violence and a subsequent violation of the *ex parte* order, together supported a finding that petitioner's fear of respondent was reasonable under ORS 107.716 (3)(a)(B) and that respondent was a credible threat under ORS 107.716(3)(a)(C). Additionally, the trial court did not err when it awarded petitioner's attorney fees.

Affirmed.

Lillian Bier, Judge pro tempore. (Order)

Keith R. Raines, Judge. (Judgment)

Adam L. Dean argued the cause for appellant. Also on the briefs was Dean Law Group, P.C.

Trena Lee Klohe argued the cause for respondent. Also on the brief was Oregon Law Center.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Respondent appeals the trial court's continuation of a restraining order issued against him under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Respondent assigns error to the trial court's finding that petitioner reasonably feared for her physical safety and that respondent posed a credible threat as required by ORS 107.716(3). Additionally, respondent assigns error to the court's attorney fees award. We affirm.

Petitioner and respondent were married for a few months in 2019, during which time respondent repeatedly physically abused petitioner. After the couple separated, petitioner filed for and received an *ex parte* FAPA restraining order. Respondent contested the entry of the order and requested a hearing under ORS 107.718(10). At the hearing, the trial court continued the order under ORS 107.716(3)(a) and subsequently granted petitioner's request for attorney fees. Respondent then timely appealed both the continuation of the restraining order and the award of attorney fees.

We review the trial court's legal determinations for legal error and its factual findings for any evidence in the record to support them. *Jessee v. Jessee*, 312 Or App 171, 172, 492 P3d 1264 (2021). Whether a FAPA restraining order is available depends on the totality of the circumstances of the individual case. *Hess v. Hess*, 305 Or App 801, 808, 473 P3d 103 (2020). We review to determine whether any evidence establishes the requirements for the continuance of the FAPA restraining order. *Patton v. Patton*, 278 Or App 720, 721, 377 P3d 657 (2016).

ORS 107.716(3)(a) provides that a court may continue a FAPA order if the court finds:

"(A)   Abuse has occurred within [180 days];

"(B)   The petitioner reasonably fears for the petitioner's physical safety; and

"(C)   The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."[1]

---

[1] In 2019, the legislature relaxed the requirements for an initial contested FAPA order from "imminent danger of further abuse" to "reasonably fears for

Respondent assigns error to the trial court's determination under ORS 107.716(3)(a)(B) and (C) that respondent posed a credible threat to petitioner and that she reasonably feared for her safety.

Reviewing the totality of the circumstances, we conclude that there was legally sufficient evidence to support the trial court's decision to continue the FAPA order. Respondent's recent physical abuse of petitioner, combined with threats of violence and a subsequent violation of the *ex parte* order, together support a finding that petitioner's fear of respondent was reasonable under ORS 107.716(3)(a)(B) and that respondent was a credible threat under ORS 107.716(3)(a)(C). Petitioner testified that, during their short marriage, respondent had repeatedly pinched her on her hands and genitals in such a way that caused her to visibly bruise. The record also contained evidence that, as their marriage was ending, respondent forced petitioner at knifepoint to make a recording containing information that could put her in physical jeopardy, and threatened her with physical violence if she disclosed the abuse to her family.[2]

Finally, respondent's violation of the restraining order after their cohabitation ended supported the finding that respondent continued to pose a credible threat to petitioner. Respondent was prohibited from being within 100 yards of the Islamic Center of Portland, but petitioner's mother testified that she had seen him in a parking lot

---

the petitioner's physical safety" in response to our decision in *Buell v. Buell*, 296 Or App 380, 389-90, 438 P3d 465 (2019), *rev'd and rem'd*, 366 Or 553, 466 P3d 949 (2020) (concluding that the respondent's angry behavior towards the petitioner after their divorce was not sufficient for the imminent danger requirement when there was no abuse after their separation, and the only threat had been communicated before the petitioner left the home). *See* Video Recording, Senate Committee on Judiciary, HB 3117A, May 2, 2019, at 2:02 (statement of Sen Kathleen Taylor), https://oregonlegislature.gov (accessed Nov 8, 2021) ("HB 3117A is an important bill to amend the statute in response to a recent Court of Appeals ruling[.]").

[2] Respondent argues that it is unclear whether petitioner is referring to him or his mother in her testimony because she used the word "they." Petitioner clarified that, when she used the word "they," she meant respondent and his mother together. Petitioner specified, however, that it was respondent who wielded the knife when threatening her.

across the street from the Islamic Center while she and petitioner were attending services. In his testimony, respondent acknowledged that he had been to that parking lot despite the restraining order. That was a direct violation of the *ex parte* order, which, when coupled with abuse during the relationship, can support an inference that respondent poses a credible threat to petitioner's physical safety. *See Walton v. Steagall*, 299 Or App 820, 826-27, 452 P3d 1059 (2019) (applying the prior "imminent threat of abuse" standard, and finding that abuse suffered during the 180-day period combined with the respondent's violations of the *ex parte* restraining order supported the trial court's determination that the respondent posed an imminent threat of further abuse).

Although respondent offered testimony contradicting petitioner's version of events, the trial court explicitly found respondent and his mother to be not credible. *Gladd v. Lucarelli*, 310 Or App 835, 838, 486 P3d 860 (2021) (explaining that "it is for the trial court to make the necessary credibility determinations *** and, if there is any evidence to support the trial court's findings, we are bound by those findings"). Respondent argues that, because he and petitioner had ceased cohabitating and no longer had contact with one another, there was insufficient evidence that he currently posed a threat or that her fear was reasonable. However, the fact that petitioner moved out of the residence in an effort to escape respondent's abuse does not preclude a finding of a credible threat to petitioner's safety. *See* ORS 107.710(3) ("A person's right to relief under ORS 107.700 to 107.735 shall not be affected by the fact that the person left the residence or household to avoid abuse."). Moreover, respondent's subsequent violation of the restraining order undermines the argument that there was no further contact between the parties.

Additionally, we understand respondent to be arguing that, because the violation of the restraining order was nonviolent, it does not support a finding that he continued to be a credible threat. However, the statute only requires that respondent "represent[] a credible threat to the physical safety" of petitioner, not that respondent must

have committed additional violence toward petitioner. ORS 107.716(3)(a)(C).[3]

We conclude that the evidence of prolonged physical abuse at the hands of respondent, threats communicated by respondent to petitioner before she left his home, and respondent's knowing violation of the *ex parte* order support the trial court's finding that respondent presented a credible threat and that petitioner reasonably feared for her safety.

Respondent lastly assigns error to the trial court's decision to award petitioner attorney fees. ORS 107.716(3)(b) provides that "[t]he court may *** assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding." Respondent argues that ORS 107.716(3)(b) should be interpreted to allow attorney fees only when there is a finding of bad faith, and that to allow any other standard would have a chilling effect on a respondent's willingness to contest a FAPA order. However, there is no mention of bad faith being a prerequisite for attorney fees in ORS 107.716(3)(b), and we decline to read into the statute a requirement that is at odds with its plain language.

Respondent also argues that the trial court's findings in support of the award of attorney fees were not supported by substantial evidence, and that the amount awarded was unreasonable. We review discretionary awards of attorney fees for abuse of discretion. ORS 20.075(3). ORS 20.075 outlines the factors the court must consider when making a determination for an award of attorney fees. The court's analysis reflects that it was guided by those considerations in determining both whether to award attorney fees, and what fees were reasonable, and it does not reflect any legal or factual error. *See State v. Halvorson*, 315 Or App 112, 123, 500 P3d 35 (2021) (affirming attorney fee award when "[t]he court's analysis reflects that it was guided by [the 20.075 factors] in determining what fees were reasonable and does not reflect any legal or factual error").

Affirmed.

_____

[3] Petitioner makes references to conduct by respondent's mother after the parties were separated. However, because the record contains sufficient evidence involving respondent on his own to support the trial court's findings, we decline to address the allegations surrounding the mother's conduct.