***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted November 22, affirmed December 29, 2022

R. C.,
*Petitioner-Respondent,*

*v.*

Gilbert Patrick BRADY,
*Respondent-Appellant.*

Clackamas County Circuit Court
21PO07451; A177169

Thomas J. Rastetter, Judge.

Adam L. Dean argued the cause for appellant. Also on the brief was Dean Law Group, P.C.

Ethan Live argued the cause for respondent. Also on the brief was Levi Merrithew Horst PC.

Before Tookey, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This is an appeal from a Family Abuse and Prevention Act (FAPA) restraining order issued under ORS 107.700 to 107.735, and a supplemental judgment awarding petitioner attorney fees. We affirm the order and the supplemental judgment.

The parties are divorced and have a 12-year-old son who plays baseball. Petitioner has primary custody of the child. The FAPA order arises out of an incident on July 23, 2021, in which respondent became angry at petitioner at the child's baseball practice, when she refused to allow him parenting time in addition to that provided in the parties' parenting-time order. Respondent yelled at petitioner and then attempted to bodily remove the child from the game. The child resisted, and respondent chased him around the ball field, pushing past other adults who attempted to intervene. Police arrived at the scene; respondent ignored police demands to stop, but police subdued and arrested him, and he was charged with resisting arrest. Respondent was booked and released from jail after several days.

After the July 23 incident, petitioner filed a FAPA petition *pro se*, alleging that she and the child were fearful of physical, emotional, and psychological abuse from respondent. To support the issuance of an *ex parte* FAPA order, petitioner was required to show that she "has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that there is an imminent danger of further abuse to the petitioner and that the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child[.]" ORS 107.718(1).

In her petition, in addition to the July 23 incident, petitioner described other incidents during which respondent had confronted petitioner relating to parenting time of the parties' child.

The trial court issued the *ex parte* FAPA order, and respondent requested a hearing pursuant to ORS 107.718(10). At the hearing, the court heard testimony from six witnesses on petitioner's behalf. Petitioner testified that

respondent, who, petitioner testified, suffers from PTSD and marijuana and alcohol abuse, had become increasingly volatile and short-tempered over time, and would throw things in her direction in the house, although not directly at her. Petitioner testified that the incident on July 23 was not the first time that respondent had caused petitioner and the child to fear for their safety.

Respondent's counsel argued that respondent has never verbally or physically threatened petitioner or given her reason to fear for her physical safety. He presented video of the July 23 encounter at the ball field, which he contended shows that petitioner was exaggerating when she said that respondent had yelled at the top of his lungs during the incident in which he attempted to bodily move the child. On cross-examination, petitioner testified that, two days after an incident on July 10, she had invited respondent to a pool party at her house with the baseball team. Respondent argued that that evidence showed that petitioner was not reasonably fearful for her physical safety.

After the hearing, the court continued the FAPA order. The court also entered a supplemental judgment awarding petitioner her attorney fees.

On appeal, respondent challenges (1) the issuance of the *ex parte* FAPA order; (2) the continuation of the FAPA order after the hearing; (3) the trial court's failure to hold an "exceptional circumstances" hearing regarding parenting time; and (4) the award of attorney fees.

We review the trial court's legal determinations for legal error, and its factual findings for any evidence in the record to support them. *M. A. B. v. Buell*, 366 Or 553, 564, 466 P3d 949 (2020).

In his first assignment, respondent contends that the evidence does not support the issuance of the *ex parte* FAPA order, because there was no evidence of "abuse." ORS 107.705 defines "abuse" as used in ORS 107.700 to 107.735:

"(1)  'Abuse' means the occurrence of one or more of the following acts between family or household members:

"(a)   Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b)  Intentionally, knowingly or recklessly placing another in fear of imminent bodily injury.

"(c)  Causing another to engage in involuntary sexual relations by force or threat of force."

Respondent contends that petitioner's description of respondent's behavior at the ball field on July 23 is exaggerated and not borne out by the evidence at the hearing; in any event, he contends, even as described, respondent's conduct did not rise to the level of abuse as defined in ORS 107.705(1)(b). *See C. M. V. v. Ackley*, 261 Or App 491, 495, 326 P3d 604 (2014) ("'Domestic arguing, when not accompanied by physical contact, physical harm, or a threat of violence,' is not abuse." (Quoting ORS 107.705(1).)).

We have reviewed the record and conclude that there was evidence at the hearing from which the trial court could find that respondent's behavior on July 23, 2021, at least recklessly placed petitioner or the child in fear of imminent bodily injury and therefore constituted abuse. ORS 107.705(1)(b). Thus, we conclude that the trial court did not err in entering the *ex parte* FAPA order under ORS 107.718(1), and we therefore reject the first assignment of error.

In his second assignment of error, respondent contends that the trial court erred in continuing the FAPA order after the contested restraining order hearing.

ORS 107.716(3)(a) provides:

"The court may continue any order issued under ORS 107.718 if the court finds that

"(A)  Abuse has occurred within the period specified in ORS 107.710(1);

"(B)  The petitioner reasonably fears for the petitioner's physical safety; and

"(C)  The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."

The question for the trial court at the contested restraining order hearing was whether the evidence supported findings that petitioner's fear of respondent was reasonable, ORS 107.716 (3)(a)(B), and that respondent presented a continuing credible

threat to petitioner or to their child. ORS 107.716(3)(a)(C). *N. F. M. v. Khalidi*, 315 Or App 668, 670, 503 P3d 468 (2021), *rev den*, 369 Or 504 (2022). We have reviewed the record and conclude that evidence of respondent's persistent physically domineering and intimidating behavior toward petitioner was legally sufficient to allow the trial court to find that petitioner had an objectively reasonable fear for her physical safety and that respondent represented a continuing credible threat.

In his third assignment of error, respondent contends that the trial court erred in failing to find, under ORS 107.718,[1] that exceptional circumstances affecting the custody of the child required the court to modify the parenting plan. Although respondent made a request before the hearing that the court address issues related to custody and parenting time, respondent did not present any evidence concerning the issue at the hearing, and only asked the court at the conclusion of the hearing whether it was planning to modify the parenting plan. The court said, "Not at this point. Thank you." Respondent did not address the court any further on that matter, and the hearing ended. We conclude that the third assignment of error raises an issue that is not preserved, and we therefore decline to consider it.

In his fourth assignment of error, respondent contends that the trial court abused its discretion in awarding attorney fees. The trial court did not abuse its discretion in ordering attorney fees under ORS 107.716(3)(b), which provides that after a hearing on a contested restraining order, the court "may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding." Contrary to respondent's contention, there is no requirement that the court find that the party against whom fees are assessed acted in bad faith. *N. F. M.*, 315 Or App at 672 ("[T]here is no mention of bad faith being a

---

[1] ORS 107.718(2) provides:

"If the court determines that exceptional circumstances exist that affect the custody of a child, the court shall order the parties to appear and provide additional evidence at a hearing to determine temporary custody and resolve other contested issues."

prerequisite for attorney fees in ORS 107.716(3)(b), and we decline to read into the statute a requirement that is at odds with its plain language."). We have reviewed the record and conclude that the trial court did not abuse its discretion in awarding petitioner her fees.

Affirmed.