***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 5, affirmed December 29, 2022, petition for review denied
March 30, 2023 (370 Or 827)

F. A. S. K.,
*Petitioner-Respondent,*

*v.*

Mohammad Awni ALJUNDI,
*Respondent-Appellant.*

Washington County Circuit Court
21PO04675; A176677

Kelly D. Lemarr, Judge.

Raymond Tindell filed the briefs for appellant.

Michael J. Fearl and Schulte, Anderson, Downes, Aronson & Bittner, PC filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Respondent appeals an order continuing a restraining order issued against him under the Family Abuse Prevention Act (FAPA),[1] assigning error to that ruling. We affirm.

Respondent requests that we exercise our discretion to review *de novo*, but because this is not an "exceptional case" we decline that request. *See* ORAP 5.40(8)(c). We review "a trial court's legal determinations for legal error and the trial court's findings of fact for any evidence in the record to support those findings." *M. A. B. v. Buell*, 366 Or 553, 564, 466 P3d 949 (2020). Under that standard of review, we are bound by the trial court's findings of historical fact that are supported by any evidence in the record, and we review the court's dispositional conclusions, predicated on those findings, for legal error. *J. M. H. and Noon*, 245 Or App 328, 330, 260 P3d 836 (2011).

We recently explained:

"An initial FAPA order must be supported by evidence of (1) abuse committed by the respondent within 180 days of filing, (2) imminent danger of further abuse, and (3) a credible threat to petitioner's safety from respondent. ORS 107.718(1). *** [T]he FAPA statutes were amended by the 2019 legislature. Or Laws 2019, ch 144, § 1. And, although ORS 107.718(1) was not amended, the legislature did amend ORS 107.716(3), which governs hearings to contest initial FAPA orders issued under ORS 107.718. Or Laws 2019, ch 144, § 1. Now, for a court to continue a FAPA order following a contested hearing, the record must include evidence (1) of past abuse committed by the respondent (within 180 days of filing), (2) that the petitioner reasonably fears for her physical safety, and (3) that the respondent represents a credible threat to the petitioner's safety or the safety of her child. ORS 107.716(3)."

*A. J. T. v. Croft*, 311 Or App 574, 576, 492 P3d 778 (2021).

Here, after the contested hearing on the restraining order, the trial court determined that petitioner had suffered

---

[1] In this opinion, we refer to the parties by their designations in the trial court; thus, appellant is referred to as "respondent," and respondent on appeal is referred to as "petitioner."

from two incidents of abuse committed by respondent within 180 days of filing, that respondent was a credible threat to petitioner's physical safety, and that respondent posed an imminent danger of further abuse to petitioner.[2]

On appeal, respondent does not contest the trial court's finding that petitioner suffered abuse committed by respondent within 180 days of filing for the restraining order. As we understand respondent's argument, it is that because petitioner and petitioner's children have relocated to Florida, while he remains in Oregon, the evidence does not allow for a determination that petitioner fears for her safety or that respondent poses a credible threat to her safety. Respondent also argues that, because there was no arrest made or police report included in this case, there can be no finding of a credible threat to petitioner's safety. Furthermore, respondent argues that, in determining that respondent had violated the *ex parte* restraining order and poses a credible threat, the court erred by relying on a contact in which he texted petitioner to tell her that he was in the emergency room, because the initial restraining order in this case had an exception for contact in case of "family or kids emergency."

Considering the totality of the circumstances, we conclude that there was legally sufficient evidence to support the trial court's decision to continue the FAPA order. Respondent's violation of the restraining order, his recent abuse of petitioner, and his contradictory testimony as to whether he would continue to contact petitioner if the FAPA restraining order was revoked, together support a determination that petitioner's fear of respondent was reasonable, ORS 107.716(3)(a)(B), and that respondent was a credible

---

[2] We understand the trial court to have considered the petition under the standard that governed the continuation of FAPA orders that was in place prior to 2019 amendments that "relaxed the requirements for an initial contested FAPA order from 'imminent danger of further abuse' to 'reasonably fears for the petitioner's physical safety.'" *N. F. M. v. Khalidi*, 315 Or App 668, 669 n 1, 503 P3d 468 (2021), *rev den*, 369 Or 504 (2022). On appeal, we apply the more "relaxed requirements" that are appliable under the current version of ORS 107.716(3), which were in effect at the time of the trial court's ruling. The trial court's finding of "imminent danger of further abuse" would also support the finding that petitioner had reasonable fear for her physical safety. In any event, we conclude that respondent's challenge to the trial court's order would fail under either standard.

threat. ORS 107.716(3)(a)(C). Further, as noted, respondent does not contest the trial court's finding that petitioner suffered abuse by respondent within 180 days of filing for the restraining order, a finding that has ample support in the record.

In so concluding, we highlight that respondent violated the restraining order *after* petitioner had relocated to Florida—including during an unannounced trip to Florida—which supports the finding that respondent poses a credible threat to petitioner, notwithstanding her relocation. *N. F. M. v. Khalidi*, 315 Or App 668, 670, 503 P3d 468 (2021), *rev den*, 369 Or 504 (2022), (determining that "respondent's violation of the restraining order after their cohabitation ended supported the finding that respondent continued to pose a credible threat to petitioner"); *see also H. M. H. v. Hess*, 305 Or App 801, 812, 473 P3d 103 (2020) (noting that "[l]ack of compliance with a restraining order tends to be more relevant than compliance when it comes to assessing whether there is an imminent danger of further abuse"). Although we may consider the fact that petitioner and her children have relocated, under the totality of circumstances, that "does not necessarily decrease the danger of further abuse." *H. M. H.*, 305 Or App at 811; *see also* ORS 107.710(3) ("A person's right to relief * * * shall not be affected by the fact that the person left the residence or household to avoid abuse.").

As to respondent's argument that there can be no determination that he is a credible threat to petitioner or that petitioner reasonably fears for her safety because he was never arrested and there is no police report in the record regarding his abuse of petitioner, we flatly reject it. That contention flies in the face of the foundations of FAPA law. The presence or absence of an arrest or police report is not a prerequisite for continuation of the restraining order. Additionally, we reject respondent's argument that the trial court must be reversed because it erroneously relied on his "emergency" contact with petitioner. The trial court considered several incidents other than that particular contact in upholding the restraining order, and we do not understand that particular contact to have been central to its analysis.

In sum, we conclude that legally sufficient evidence supported the trial court's continuation of the restraining order and thus the trial court did not err.

Affirmed.