***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 23, supplemental judgment vacated and remanded
June 22, 2023

O. D.,
*Petitioner-Appellant,*

*v.*

Ricky RANEL,
*Respondent-Respondent.*

Multnomah County Circuit Court
22PO00684; A178755

Xiomara Y. Torres, Judge.

Sarah Silberger argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

KAMINS, J.

Supplemental judgment vacated and remanded.

**KAMINS, J.**

In this proceeding under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735, after a hearing, the trial court continued a restraining order against respondent. *See* ORS 107.716(3)(a) (describing court's authority to continue a FAPA order). Petitioner appeals from a supplemental judgment entered by the trial court rejecting her ORCP 68 petition for attorney fees of $6,545 under ORS 107.716(3)(b), contending that the trial court abused its discretion in rejecting her fee petition. We conclude that the record is insufficient to allow a review of the trial court's supplemental judgment disallowing attorney fees and therefore vacate and remand the judgment.

ORS 107.716(3)(b) provides that "[t]he court may *** assess against either party [to a FAPA proceeding] a reasonable attorney fee and such costs as may be incurred in the proceeding." The trial court issued a supplemental judgment denying petitioner's request for attorney fees, citing criteria from both ORS 20.075(1) and ORS 20.075(2).[1]

---

[1] The supplemental judgment in support of the trial court's denial of fees consists of the following:

The Court has considered the following factors in making our award of attorney's fees and finds that the following apply herein:

☒  The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

☒  The objective reasonableness of the claims and defenses asserted by the parties.

☒  The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

☒  The extent to which an award of an attorney fee in the case would deter other from asserting meritless claims and defenses.

☒  The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

The Court has considered the following factors in determining the amount of attorney's fees and finds that the following apply herein:

☒  The time and labor required in the proceeding.

☒  The fee customarily charged in the locality for similar legal services.

It is not possible to determine from the supplemental judgment whether the court determined under ORS 20.075(1) that no fees would be awarded or determined under ORS 20.075(2) that the amount of fees to be awarded should be zero. The supplemental judgment also does not explain how the cited criteria led the court to its denial of fees. As petitioner points out, the facts adduced at the hearing do not appear to support the denial of fees based on the factors cited in the supplemental judgment. We therefore vacate the supplemental judgment and remand for reconsideration. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) (stating that adequate findings are those that "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review").

Supplemental judgment vacated and remanded.