No. 132          February 20, 2025          159

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

O. D.,
*Petitioner-Appellant,*

*v.*

Ricky RANEL,
*Respondent-Respondent.*

Multnomah County Circuit Court
22PO00684; A182575

Xiomara Y. Torres, Judge.

Argued and submitted December 6, 2024.

George Kelly argued cause for appellant. On the brief
was Sarah Silberger.

No appearance for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and
Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

This case is before us for a second time. Petitioner appeals a supplemental judgment denying her attorney fee request and raises two assignments of error. For the following reasons, we affirm.

We decline petitioner's request to review the trial court's findings *de novo* because this is not an "exceptional case." *See* ORAP 5.40(8)(c) (providing that we exercise our discretion to review *de novo* "only in exceptional cases"). Thus, "[w]hether a party is entitled to attorney fees presents a question of law, but whether fees are reasonable is a factual determination that we review for abuse of discretion." *Bearden v. N. W. E. Inc.*, 298 Or App 698, 707-08, 448 P3d 646, *rev den*, 366 Or 64 (2019) (internal quotation marks omitted); *Johnson v. O'Malley Brothers Corp.*, 285 Or App 804, 812, 397 P3d 554, *rev den*, 362 Or 300 (2017) ("[D]iscretionary decisions, such as whether to award attorney fees that are not mandatory * * * are subject—not surprisingly—to review for an abuse of discretion.").

A detailed recitation of the facts would not benefit the bench, the bar, or the public. After an *ex parte* hearing, the trial court issued a restraining order against respondent under the Family Abuse Prevention Act (FAPA). Respondent opposed the FAPA order, requested a hearing, and appeared *pro se*. Although the trial court continued the FAPA order, it denied petitioner's attorney fee request. Petitioner appealed, and we vacated and remanded, concluding that "the record [was] insufficient to allow a review of the trial court's supplemental judgment disallowing attorney fees." *O. D. v. Ranel*, 326 Or App 559, 560 (2023) (nonprecedential memorandum opinion).

On remand, the trial court again denied petitioner's attorney fee request. As relevant here, the trial court found:

"The main argument in the Motion for Attorney Fees is that the Respondent perjured himself at the contested Restraining Order hearing and lacked remorse. The rebuttal testimony of Petitioner acknowledge[s] that Respondent appeared delusional because he believed a completely different version of the alleged facts. There was no evidence of perjury. What was alleged was mental illness and that

such mental illness was in fact even more concerning for the safety of Petitioner."

This appeal followed.

As a preliminary matter, we reject petitioner's attempt to "expressly incorporate[] the arguments of the first appeal" into her opening brief in this appeal.

> "Opening briefs are subject to word limits. ORAP 5.05 (1)(b)(ii)(A). For that and other reasons, a party must present its arguments in the opening brief and cannot rely on incorporation by reference. *See Sherwood Park Business Center, LLC v. Taggart*, 261 Or App 609, 626 n 13, 323 P3d 551, *rev den*, 355 Or 879 (2014) (describing it as 'inappropriate' for the appellant to 'incorporate by reference' a legal argument set forth in a document in the record, because allowing such incorporation by reference 'would effectively permit the brief to circumvent the requirements of the [word-limit] rule')."

*JGB Enterprises, LLC v. OLCC*, 325 Or App 326, 340-41, 529 P3d 262 (2023). We now consider the arguments that petitioner presents in this appeal.

In a combined argument, petitioner argues that the trial court erred as a matter of law by misinterpreting ORS 20.075(1)(a), (b), and (c), and that it abused its discretion by making findings that were not supported by the record.

First, petitioner argues that the trial court erred by misapplying ORS 20.075(1)(a) and asks us to "hold that a finding of 'abuse' pursuant to ORS 107.718 under the specific circumstances of this case, necessarily entails one or more characteristics of 'recklessness, willfulness, malice, and illegality' and/or 'bad faith' pursuant to ORS 20.075(1)(a)."[1] We decline to do so.

Under FAPA, an attorney fee award is discretionary, not mandatory. ORS 107.730(7) ("A court may assess against either party a reasonable attorney fee and costs that

---

[1] ORS 20.075(1)(a) provides that a trial court must consider "[t]he conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal."

may be incurred in the proceeding."). Importantly, a trial court is not required to award attorney fees based on a finding of abuse under ORS 107.718, but instead must consider a nonexhaustive list of factors in exercising its discretion. ORS 107.730(7); ORS 20.075(1) ("A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees[.]"). As for a trial court's consideration of those factors, the Supreme Court has explained:

"[ORS 20.075(1)] itself simply lists the factors; it does not tell a court which factors may be more or less important in a particular case or how much weight to assign to the relevant factors. The salience of various factors and the weight to be given them will vary from case to case, and making those determinations is part of the 'discretion' that must be exercised by the court that is tasked with deciding whether to award attorney fees."

*Friends of Columbia Gorge v. Energy Fac. Siting Coun.*, 367 Or 258, 264-65, 477 P3d 1191 (2020) (internal quotation marks and brackets omitted). Petitioner's proposed construction would transform a discretionary fee award into a mandatory award, which is at odds with both the statute's plain language and the Supreme Court's interpretation. As a consequence, we decline petitioner's request to require a trial court to award the petitioner attorney fees whenever it finds that "abuse" occurred within the meaning of ORS 107.718. *See N. F. M. v. Khalidi*, 315 Or App 668, 672, 503 P3d 468 (2021), *rev den*, 369 Or 504 (2022) (rejecting the respondent's argument concerning ORS 107.716(3)(b) and "declin[ing] to read into the statute a requirement that is at odds with its plain language"); ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."). The trial court did not err.

Second, we are unpersuaded by petitioner's argument that the trial court erred under ORS 20.075(1)(b)

because "[i]t is legal error to conclude that a reasonably plausible narrative that is contradicted by the objective evidence is 'objectively reasonable.'" Specifically, petitioner takes the position that the court "expressly did not weigh the objective reasonableness of the parties in pursuing settlement for or against either party.[2] Instead it considered the objective reasonableness of the parties' claims or defenses."

We conclude that the trial court did not err. ORS 20.075(1)(b) requires a trial court to consider "[t]he objective reasonableness of the claims and defenses asserted by the parties." Here, the court found:

> "During the contesting Restraining Order hearing the Court heard defenses by the Respondent that appeared reasonable. Respondent testified to facts very different than what Petitioner alleged occurred and such rendition appeared reasonable as he presented his version of the facts."

Because the record demonstrates that the court adequately considered ORS 20.075(1)(b), we conclude that it did not err.

Third, petitioner challenges the trial court's interpretation of ORS 20.075(1)(c), which requires a court to consider "[t]he extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases." Petitioner argues that the court's "interpretation of ORS 20.075(1)(c) would gut ORS 107.716(3)(b) because under [the court's] application of ORS 20.075(1)(c), this factor would always weigh against awarding a fee."[3] We disagree with petitioner's argument.

As noted above, "[t]he salience of various factors and the weight to be given them will vary from case to case, and

---

[2] We observe that ORS 20.075(1)(f) requires a trial court to consider "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." We do not address ORS 20.075(1)(f) because no legal argument is sufficiently developed in petitioner's brief. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

[3] ORS 107.716(3)(b) provides, in relevant part, that a trial court "may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee."

making those determinations is part of the 'discretion' that must be exercised by the court that is tasked with deciding whether to award attorney fees." *Friends of Columbia Gorge*, 367 Or at 625 (internal quotation marks and brackets omitted). Nothing about the trial court's assessment of ORS 20.075(1)(c) in this case indicates that it interpreted the factor to "always" weigh against an attorney fee award. The trial court did not err.

Finally, petitioner contends that the trial court "abused its discretion by making findings of fact unsupported by the record below in applying ORS 20.075." We have reviewed the record and conclude that it supports the trial court's findings. Here, the supplemental judgment "reflects that [the court] was guided by [the ORS 20.275] considerations in determining *** whether to award attorney fees *** and does not reflect any legal or factual error." *N. F. M.*, 315 Or App at 672. Therefore, the court did not abuse its discretion. *See Bearden*, 298 Or App at 708 ("To be adequate, the court's findings need not be lengthy or complex, but they must describe the relevant facts and legal criteria underlying the court's decision in terms that are sufficiently clear to permit meaningful appellate review." (Internal quotation marks omitted.)).

Affirmed.